**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION | CASE NO. 12-MD-02311<br><br>HON. MARIANNE O. BATTANI |
| In Re: OCCUPANT SAFETY SYSTEMS CASES | |
| THIS RELATES TO:<br><br>ALL DIRECT PURCHASER ACTIONS | 2:12-cv-00601-MOB-MKM<br><br>2:16-cv-10002 |

**MOTION FOR PRELIMINARY APPROVAL OF PROPOSED**
**SETTLEMENT WITH TOYODA GOSEI DEFENDANTS AND FOR PROVISIONAL**
**CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS**

Direct Purchaser Plaintiffs hereby move the Court, pursuant to Rule 23 of the Federal

Rules of Civil Procedure, for preliminary approval of the proposed settlement with Defendants

Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Missouri Corp.

(collectively, "Toyoda Gosei"), and for provisional certification of a Direct Purchaser Toyoda

Gosei Settlement Class. In support of this motion, Plaintiffs rely upon the accompanying brief,

which is incorporated by reference herein.

The parties do not request a hearing for this motion.  Toyoda Gosei consents to this

motion and to the entry of the proposed order preliminarily approving the proposed settlement

and provisionally certifying the Toyoda Gosei Settlement Class.

DATED: January 9, 2018

Respectfully submitted,

 /s/David H. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
FINK + ASSOCIATES LAW
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500

*Interim Liaison Counsel for the Direct Purchaser Plaintiffs*

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
 & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **CASE NO. 12-MD-02311** |
| | **HON. MARIANNE O. BATTANI** |
| **In Re: OCCUPANT SAFETY SYSTEMS CASES** | |
| **THIS RELATES TO:** | **2:12-cv-00601-MOB-MKM** |
| **ALL DIRECT PURCHASER ACTIONS** | **2:16-cv-10002** |

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT WITH TOYODA GOSEI DEFENDANTS AND FOR PROVISIONAL CERTIFICATION OF DIRECT PURCHASER SETTLEMENT CLASS**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................. iii

STATEMENT OF ISSUES PRESENTED.............................................................. vi

INTRODUCTION ................................................................................................... 1

I.     BACKGROUND .......................................................................................... 1

II.    TERMS OF THE SETTLEMENT AGREEMENT .................................... 3

       A.     The Direct Purchaser Toyoda Gosei Settlement Class ........................... 4

       B.     The Settlement Amount .......................................................................... 4

       C.     Release .................................................................................................... 5

       D.     Cooperation ............................................................................................ 5

III.   PRELIMINARY APPROVAL OF THE PROPOSED
      SETTLEMENT IS WARRANTED............................................................. 6

       A.     The Governing Standards. ...................................................................... 6

       B.     The Proposed Settlement is Fair and Within the
              Range of Possible Approval..................................................................... 7

       C.     Consideration of Final Approval Criteria Supports Preliminary Approval. ........... 8

            1.     The Likelihood of Plaintiffs' Success on the Merits Weighed Against the
                    Amount and Form of the Relief Offered in the Settlement Supports
                    Approval. .................................................................................. 10

            2.     The Complexity, Expense, and Likely Duration
                    of Continued Litigation Favor Approval. ................................. 11

            3.     The Judgment of Experienced Counsel Supports Approval. ..................... 12

             4.     The Amount of Discovery Completed and the Character
                    of the Evidence Uncovered Are Sufficient. ............................. 13

            5.     The Reaction of Class Members ............................................... 13

            6.     The Settlement Agreement is the Product of Arm's-Length Negotiations 14

            7.     The Settlement is Consistent with the Public Interest. ............. 14

IV.   PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER
      SETTLEMENT CLASS IS WARRANTED .............................................. 15

       A.     The Proposed Direct Purchaser Toyoda
               Gosei Settlement Class Satisfies Rule 23(a)........................................... 15

             1.     The Settlement Class is Sufficiently Numerous ....................... 16

             2.     There are Common Questions of Law and Fact ........................ 16

             3.     Plaintiffs' Claims are Typical of Those of the Toyoda Gosei Settlement
                    Class ......................................................................................... 17

i

4.       Plaintiffs Will Fairly and Adequately Protect the Interests of the Toyoda Gosei Settlement Class ............................................................................ 18

B.       Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes ........................................................................................................ 19

1.       Common Legal and Factual Questions Predominate................................ 19

2.       A Class Action is Superior to Other Methods of Adjudication ............... 20

V.       CONCLUSION.................................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997)............................................................................. 15, 19, 21
*Automotive Parts Antitrust Litig.,*
  2:12-md-02311, 2014 WL 4272774 (E.D. Mich. Aug. 29, 2014) ........................... 2
*Automotive Parts Antitrust Litig.,* 2:12-md-02311,
  2014 WL 4272784 (E.D. Mich. Aug. 29, 2014)................................................... 2
*Barry v. Corrigan,*
  79 F. Supp. 3d 712 (E.D. Mich. 2015)............................................................ 16, 18
*Beattie v. CenturyTel, Inc.,*
  511 F.3d 554 (6th Cir. 2007) ......................................................................... 19
*Berry v. Sch. Dist. of City of Benton Harbor,*
  *184* F.R.D. 93 (W.D. Mich. 1998)................................................................... 7, 9
*Carson v. Am. Brands, Inc.,*
  *450* U.S. 79 (1981).......................................................................................... 9
*Date v. Sony Electronics, Inc.,*
  No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013) ................................ 12, 16, 17
*Davidson v. Henkel Corp.,*
  302 F.R.D. 427 (E.D. Mich. 2014) ................................................................. 16
*Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
  248 F.R.D. 483 (E.D. Mich. 2008) .................................................................. 7, 12
*Dick v. Sprint Commc'ns,*
  297 F.R.D. 283 (W.D. Ky. 2014)..................................................................... 8
*Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.,*
  No. 10-cv-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) ......................... 16
*Ford v. Fed.-Mogul Corp.,*
  No. 2:09-CV-14448, 2015 WL 110340 (E.D. Mich. Jan. 7, 2015) .................................. 10, 12
*Gautreaux v. Pierce,*
  690 F.2d 616 (7th Cir. 1982) .......................................................................... 7
*Granada Invs. Inc. v. DWG Corp.,*
  962 F. 2d 1203 (6th Cir. 1992) ........................................................................ 7, 14
*Griffin v. Flagstar Bancorp, Inc.,*
  No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ............................ passim
*Hoving v. Lawyers Title Ins. Co.,*
  256 F.R.D. 555 (E.D. Mich. 2009) .................................................................. 19
*In re Am. Med. Sys., Inc.,*
  75 F.3d 1069 (6th Cir. 1996) .......................................................................... 16
*In re Auto. Refinishing Paint Antitrust Litig.,*
  617 F.Supp.2d. 336 (E.D. Pa. 2007) ................................................................ 8, 9
*In re Cardizem CD Antitrust Litig.,*
  218 F.R.D. 508 (E.D. Mich. 2003) .................................................................. passim
*In re Cardizem CD Antitrust Litig,*
  200 F.R.D. 297 (E.D. Mich. 2007) .................................................................. 21

*In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.,*
   3:08–MD01998, 2010 WL 3341200 (W.D. Ky. Aug. 23, 2010)............................ 8

*In re Flat Glass Antitrust Litig.,*
   191 F.R.D 472 (W.D. Pa. 1999) ...................................................................... 17

*In re Flonase Antitrust Litig.,*
   284 F.R.D. 207 (E.D. Pa. 2012)...................................................................... 22

*In re Global Crossing Sec. & ERISA Litig.,*
   225 F.R.D. 436 (S.D.N.Y.2004) ...................................................................... 13

*In re Linerboard Antitrust Litig.,*
   292 F. Supp. 2d 631 (E.D. Pa. 2003) ........................................................ 7, 8, 11

*In re NASDAQ Market-Makers Antitrust Litig.,*
   169 F.R.D. 493 (S.D.N.Y 1996) ...................................................................... 22

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010) ................ 6, 7, 13

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD–1952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011) .................... passim

*In re Packaged Ice Antitrust Litig.,*
   No. 08-MD-01952, 2011 WL 6209188 (E.D. Mich. Dec. 13, 2011) .................... 13

*In re Polyurethane Foam Antitrust Litig.,*
   No. 1:10 MD 2196, 2015 WL 1639269 (N.D. Ohio Feb. 26, 2015) ...................... 10

*In re Pressure Sensitive Labelstock Antitrust Litig.,*
   584 F. Supp. 2d 697 (M.D. Pa. 2008) .............................................................. 8

*In re Scrap Metal Antitrust Litig.,*
   527 F.3d 517 (6th Cir. 2008) .................................................................... 19, 20

*In re Southeastern Milk Antitrust Litig.,* 2:07- CV-208,
   2013 WL 2155379 (E.D. Tenn. May17, 2013)...................................................... 8

*In re Southeastern Milk Antitrust Litig.,*
   No. 2:07-CV-208, 2010 WL 3521747 (E.D. Tenn. Sept. 7, 2010)........................ 20

*In re Telectronics Pacing Sys. Inc.,*
   137 F. Supp. 2d 985 (S.D. Ohio 2001) ............................................ 6, 7, 9, 12, 13

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.,*
   722 F.3d 838 (6th Cir. 2013) ................................................................ 15, 16, 18

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.* v. *Ford
   Motor Co.,* No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006) .......... passim

*IUE-CWA v. General Motors Corp.,*
   238 F.R.D. 583 (E.D. Mich. 2006) .................................................................. 10

*Lessard v. City of Allen Park,*
   372 F. Supp. 2d 1007 (E.D. Mich. 2005).......................................................... 9

*Marsden v. Select Medical Corp.,*
   246 F.R.D. 480 (E.D. Pa. 2007)...................................................................... 16

*Olden v. Gardner,*
   294 Fed. Appx. 210 (6th Cir. 2008).................................................................. 9

*Paper Systems Inc. v. Mitsubishi Corp.,*
   193 F.R.D. 601 (E.D. Wisc. 2000).................................................................. 21

*Senter v. Gen. Motors Corp.,*
   532 F.2d 511 (6th Cir. 1976) .......................................................................... 18

*Sheick v. Auto. Component Carrier LLC,*
   No. 2:09-cv-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010).................................. passim
*Sheick v. Automotive Component Carrier LLC,*
   No. 09–14429, 2010 WL 3070130 (E.D. Mich. Aug. 02, 2010) ............................................. 18
*Sims v. Pfizer, Inc.,*
   No. 1:10-CV-10743, 2016 WL 772545 (E.D. Mich. Feb. 24, 2016)......................................... 9
*Sprague v. General Motors Corp.,*
   133 F.3d 388 (6th Cir. 1998) ..................................................................................... 15, 16, 18
*Thacker v. Chesapeake Appalachia, LLC,*
   259 F.R.D. 262 (E.D. Ky. 2009)..................................................................................................... 15
*UAW v. Gen. Motors Corp.,*
   497 F.3d 615 (6th Cir. 2007) ............................................................................................. 10, 18
*Van Horn v. Trickey,*
   840 F.2d 604 (8th Cir. 1988) ........................................................................................................ 9
*Williams v. Vukovich,*
   720 F.2d 909 (6th Cir. 1983) ................................................................................... 7, 9, 11, 12

## Rules

Fed. R. Civ. P. 23(a) ................................................................................................................ 15, 19
Fed. R. Civ. P. 23(a)(1) ................................................................................................................... 16
Fed. R. Civ. P. 23(a)(2) ................................................................................................................... 17
Fed. R. Civ. P.23(a)(3) .............................................................................................................. 17, 18
Fed. R. Civ. P.23(a)(4) .............................................................................................................. 18, 19
Fed. R. Civ. P.23(b) .................................................................................................................. 15, 19
Fed. R. Civ. P.23(b)(3)......................................................................................................... 19, 20, 21
Fed. R. Civ. P. 23(e)(2)..................................................................................................................... 6
Fed. R. Civ. P.23(g) ......................................................................................................................... 19

## Other Authorities

4 *NEWBERG ON CLASS ACTIONS,* § 18.05............................................................................. 17

## STATEMENT OF ISSUES PRESENTED

1.      Whether the proposed settlement between the Direct Purchaser Plaintiffs and Defendants Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., and TG Missouri Corp. (collectively, "Toyoda Gosei" or the "Toyoda Gosei Defendants"), as set forth in the Settlement Agreement between the Direct Purchaser Plaintiffs and the Toyoda Gosei Defendants (attached hereto as Exhibit 1), is sufficiently fair, reasonable and adequate to warrant preliminary approval;

2.      Whether the Court should provisionally certify a Toyoda Gosei Settlement Class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of the settlement; and

3.      Whether the Court should appoint Plaintiffs Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC as the Settlement Class representatives, and the law firms of Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Class Counsel for the Toyoda Gosei Settlement Class ("Settlement Class Counsel").

## STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITIES

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997)

*In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497 (E.D. Mich.
    June 20, 2016)

*Date v. Sony Electronics, Inc.*,
    No. 07-15474, 2013 WL 3945981 (E.D. Mich. Jul. 31, 2013)

*Griffin v. Flagstar Bancorp, Inc.,*
    No. 2:10-cv-10610, 2013 WL 6511860 (E.D. Mich. Dec. 12, 2013)

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003)

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*,
    248 F.R.D. 483 (E.D. Mich. 2008)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2010 WL 3070161 (E.D. Mich. Aug. 2, 2010)

*In re Packaged Ice Antitrust Litig.*,
    No. 08-MD-01952, 2011 WL 717519 (E.D. Mich. Feb. 22, 2011)

*In re Scrap Metal Antitrust Litig.*,
    527 F.3d 517 (6th Cir. 2008)

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,
    722 F.3d 838 (6th Cir. 2013)

*Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*,
    No. 05-74730, 2006 WL 1984363 (E.D. Mich. July 13, 2006)

*Sheick v. Auto. Component Carrier LLC,*
    No. 2:09-14429, 2010 WL 4136958 (E.D. Mich. Oct. 18, 2010)

*Sprague v. General Motors Corp.*,
    133 F.3d 388 (6th Cir. 1998)

*In re Telectronics Pacing Sys. Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001)

*UAW v. General Motors Corp.*,
    497 F.3d 615 (6th Cir. 2007)

## INTRODUCTION

Plaintiffs, on behalf of a Settlement Class comprised of direct purchasers of Occupant Safety Systems in the United States, have reached a settlement with the Toyoda Gosei Defendants.  Under the terms of the proposed settlement (attached as Exhibit 1) ("the Settlement Agreement"), Toyoda Gosei will pay a total of $34,000,000[1] and provide cooperation to assist Plaintiffs in the prosecution of the claims against the remaining Defendants.

Plaintiffs respectfully move this Court for an Order provisionally certifying the Toyoda Gosei Settlement Class and preliminarily approving the proposed settlement with Toyoda Gosei.

## I.       BACKGROUND

In 2012, class action lawsuits were filed against the Defendants by Plaintiffs on behalf of direct purchasers of "Occupant Safety Systems."[2]  On August 7, 2012, the Court appointed the undersigned law firms Interim Lead and Liaison Counsel for the Direct Purchaser Plaintiffs. (2:12-md-02311, Doc. No. 271).  The Direct Purchaser Plaintiffs' actions were consolidated and coordinated for pretrial purposes on January 15, 2013.  (2:12-cv-00600, Doc. No. 64).

Direct Purchaser Plaintiffs filed a Consolidated Amended Class Action Complaint ("Consolidated Amended Complaint") on July 3, 2013 (2:12-cv-00601, Doc. No. 65), and a Second Consolidated Amended Class Action Complaint ("Second Consolidated Amended Complaint") on February 28, 2014.  (2:12-cv-00601, Doc. No. 81).  Direct Purchaser Plaintiffs allege that Defendants entered into a conspiracy to suppress and eliminate competition for

---

[1] As discussed in Section II of this Brief, the Settlement Amount is subject to reduction, but will in no event be less than $14,250,000, based on the level of valid and timely requests for exclusion by members of the Settlement Class.

[2] "Occupant Safety Systems" refers to seat belts, airbags, steering wheels or steering systems, safety electronic systems, and related parts and components.

1

Occupant Safety Systems by agreeing to fix, maintain, or stabilize prices, rig bids, and allocate the supply of Occupant Safety Systems, in violation of federal antitrust laws.  Direct Purchaser Plaintiffs further allege that as a result of the conspiracy, they and other direct purchasers of Occupant Safety Systems were injured by paying more for those products than they would have paid in the absence of the alleged illegal conduct, and they seek recovery of treble damages, together with reimbursement of costs and an award of attorneys' fees.

Defendants filed multiple motions to dismiss Direct Purchaser Plaintiffs' Consolidated Amended Complaint, including a collective Rule 12(b)(6) motion that was filed October 21, 2013.  (2:12-cv-00601, Doc. No. 75).  The Court denied these motions.  *In re Automotive Parts Antitrust Litig.*, 2:12-md-02311, 2014 WL 4272784 (E.D. Mich. Aug. 29, 2014); *In re Automotive Parts Antitrust Litig.*, 2:12-md-02311, 2014 WL 4272774 (E.D. Mich. Aug. 29, 2014).[3]

Direct Purchaser Plaintiffs reached a $35,516,800 settlement with the Autoliv Defendants on May 30, 2014.  (2:12-cv-00601, Doc. No. 94-2).  On July 9, 2014, this Court preliminarily approved the Autoliv settlement and authorized dissemination of notice to the Autoliv Settlement Class.  (2:12-cv-00601, Doc. No. 97 at ¶ 4).  Notice was disseminated to Settlement Class members in accordance with the terms of the Court's Order and, following a hearing on December 3, 2014, the Court granted final approval to the Autoliv settlement on January 7, 2015. (2:12-cv-00601, Doc. No. 110).

On February 25, 2015, Direct Purchaser Plaintiffs reached a $6,500,000 settlement with the TRW Defendants.  (2:12-cv-00601, Doc. No. 113-1).  On April 9, 2015, this Court

---

[3] On January 1, 2016, Direct Purchaser Plaintiffs filed a complaint that added NM Holdings Company, LLC as an additional Plaintiff in the Occupant Safety Systems Litigation, and Toyoda Gosei as an additional Defendant. *NM Holdings Company, LLC   et al. v. Toyoda Gosei Co. Ltd, et al*, Case No. 2:16-cv-10002, Doc No. ¶ 1.

preliminarily approved the proposed TRW settlement and authorized dissemination of notice to the TRW Settlement Class.  (2:12-cv-00601, Doc. No. 116 at ¶ 4).  Notice was disseminated to Settlement Class members in accordance with the terms of the Court's Order and, following a hearing on July 14, 2015, the Court granted final approval to the TRW settlement on July 24, 2015.  (2:12-cv-00601, Doc. No. 130).

An Order authorizing distribution of the Autoliv and TRW settlement funds was entered by the Court on April 18, 2017.  (2:12-cv-00601, Doc. No. 145). Checks were sent to approved claimants on May 23, 2017.

Following protracted settlement negotiations, on November 14, 2017, Direct Purchaser Plaintiffs reached a proposed settlement with the Toyoda Gosei Defendants.  Plaintiffs respectfully request that the Court preliminarily approve this settlement, and authorize dissemination of notice to the proposed Settlement Class, pursuant to a plan to be submitted by Settlement Class Counsel to the Court for approval in a separate motion.

## II.    TERMS OF THE SETTLEMENT AGREEMENT

The Toyoda Gosei Settlement Agreement was consummated after arms-length negotiations between experienced and sophisticated counsel.  During the negotiations, the merits of the respective parties' positions were discussed and evaluated.  As part of the settlement negotiations, the parties communicated extensively, and Settlement Class Counsel analyzed information produced to them by Defendants, relevant industry data, and other pertinent information.

The settlement with Toyoda Gosei is the result of these good-faith negotiations, after factual investigation and legal analysis by experienced counsel, and is based upon the attorneys' full understanding of the strengths and weaknesses of their cases and their clients' respective

positions.  Plaintiffs believe that the proposed settlement is fair, reasonable and adequate for the Settlement Class.

The material terms of the proposed settlement are summarized below.

### A.    The Direct Purchaser Toyoda Gosei Settlement Class

Plaintiffs and Toyoda Gosei seek certification, for purposes of the settlement only, of the Toyoda Gosei Settlement Class, which is defined as follows:

> All individuals and entities (excluding Defendants and their present and former parents, subsidiaries, and affiliates) who purchased Occupant Safety Systems in the United States directly from one or more Defendants from January 1, 2003 through February 25, 2015.

Exhibit 1 at ¶ 9.

For purposes of the Settlement Class definition, the Defendants are: Autoliv, Inc., Autoliv ASP, Inc., Autoliv Safety Technology, Inc., Autoliv B.V. & Co. KG, Autoliv Japan Ltd., Takata Corporation, TK Holdings, Inc., Tokai Rika Co., Ltd., TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc., Toyoda Gosei Co., Ltd., Toyoda Gosei North America Corp., TG Missouri Corp., TRW Automotive Holdings Corporation, and TRW Deutschland Holding GmbH.  Exhibit 1 at ¶ 3.

### B.    The Settlement Amount

The Settlement Amount is $34,000,000.[4]  Toyoda Gosei will make an initial settlement payment into an interest-bearing escrow account within thirty business days after the Execution Date of the Settlement Agreement.  Exhibit 1 at ¶¶ 24-25.

---

[4] The Settlement Amount is subject to reduction, but will in no event be less than $14,250,000, based upon the level of valid and timely requests for exclusion by members of the Settlement Class in accordance with the terms set forth in a confidential letter agreement between Toyoda Gosei and the Settlement Class. The confidential letter may be provided to the Court for *in camera* review upon its request.  Exhibit 1 at ¶ 27.

4

## C.  Release

Section C of the Settlement Agreement provides, *inter alia,* for the release by Plaintiffs and the other members of the Settlement Class of certain claims against Toyoda Gosei concerning sales of Occupant Safety Systems to customers who purchased those products in the United States directly from a Defendant.

The releases specifically exclude certain claims against Toyoda Gosei, including claims based upon indirect purchases of Occupant Safety Systems; claims based on negligence, personal injury, or product defects; claims concerning products other than Occupant Safety Systems; and claims relating to purchases of Occupant Safety Systems outside the United States. Exhibit 1 at ¶ 21.

Moreover, Toyoda Gosei's sales to Settlement Class members remain in the case as a potential basis for joint and several liability and damages against other current or future Defendants in the litigation.  Exhibit 1 at ¶ 49.

## D.  Cooperation

Toyoda Gosei has agreed to cooperate with Plaintiffs in the prosecution of the lawsuit against the remaining Defendants[5] by providing the following types of cooperation: (a) the production of documents, data and other information potentially relevant to Direct Purchaser Plaintiffs' claims; (b) assistance in understanding information produced to Direct Purchaser Plaintiffs and facilitating the use of such information at trial; (c) declarations or affidavits; and (d) trial testimony.  Exhibit 1 at ¶¶ 34-37.

---

[5] The remaining Defendants are: Takata Corporation and TK Holdings, Inc. ("TK Holdings"); and Tokai Rika Co., Ltd. and TRAM, Inc. d/b/a Tokai Rika U.S.A. Inc.  TK Holdings has filed a Chapter 11 bankruptcy petition (TK Holdings, Inc., Case No. 17-11375 (Bankr. D. Del. (BLS).  Direct Purchaser Plaintiffs have filed a Proof of Claim in that bankruptcy proceeding.

This is a partial settlement of the claims in the Complaint, as it is with Toyoda Gosei only.  Plaintiffs are continuing to prosecute the case against the remaining Defendants.

## III.  PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT IS WARRANTED

### A.  The Governing Standards.

Approval of a class action settlement involves a three-step process: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement."  *In re Automotive Parts Antitrust Litig.,* 12-MD-02311, 2:12-cv-00103, Doc. No. 497, at 8 (E.D. Mich. June 20, 2016) (quoting *In re Telectronics Pacing Sys. Inc.,* 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001).  *See also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010); *Manual For Complex Litig. (Fourth)* § 21.63 (2004).

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls with[in] the range of possible approval, then the Court should direct that notice be given to the class members of a formal fairness hearing, at which evidence may be presented in support of and in opposition to the settlement." *Telectronics,* 137 F. Supp. 2d at 1015 (quoting *Manual for Complex Litig. (Second)* §30.44 (1985)); *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Ford Motor Co.*, No. 05-74730, 2006 WL 1984363, at *4 (E.D. Mich. July 13, 2006).  A proposed settlement falls within the "range of possible approval" under Rule 23(e) where there is a conceivable basis for presuming the proposed settlement will meet the more rigorous standards applied for final approval.  The standard for final approval of a class action settlement is whether the

proposed settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2); *In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,* 248 F.R.D. 483, 495-96 (E.D. Mich. 2008). That determination must await the final hearing where the fairness, reasonableness and adequacy of the settlement are assessed under the applicable final approval factors.[6] *See In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 631, 638 (E.D. Pa. 2003).

In the "preliminary approval" step, the Court conducts a "limited inquiry" to determine "whether the proposed settlement has the 'potential' for final approval and to determine whether there is reason enough to notify class members and to proceed with a fairness hearing." *Packaged Ice*, 2010 WL 3070161 at *4 (quoting *Gautreaux v. Pierce*, 690 F.2d 616, 621 n. 3 (7th Cir. 1982)). *See also Berry v. Sch. Dist. of City of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998) ("[T]he court first must determine whether the proposed settlement is potentially approvable"). The court "bases its preliminary approval of a proposed settlement upon its familiarity with the issues and evidence of the case as well as the arms-length nature of the negotiations prior to the settlement." *Telectronics,* 137 F. Supp. 2d at 1026.

### B.     The Proposed Settlement is Fair and Within the Range of Possible Approval.

Plaintiffs, on behalf of the Toyoda Gosei Settlement Class, have entered into a settlement with Toyoda Gosei in the amount of $34,000,000. The settlement amount reflects consideration of information resulting from Settlement Class Counsel's factual investigation and legal analysis, and constitutes a meaningful recovery.

Another important aspect of the settlement is the cooperation that Toyoda Gosei has agreed to provide. *See, e.g.*, *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 ("Of great

---

[6] In *Granada Invs. Inc. v. DWG Corp.,* 962 F. 2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich,* 720 F.2d 909, 921 (6th Cir. 1983), the Sixth Circuit Court set forth factors (discussed *infra*) for the district court to consider when exercising its discretion to determine if the settlement is "fair, reasonable and adequate."

importance in the Court's assessment is the provision in the Settlements requiring discovery cooperation of certain Settling Defendants.").  Cooperation is a "substantial benefit" to the class when settling with fewer than all defendants.  *Linerboard*, 292 F. Supp. 2d at 643.  The cooperation to be provided by Toyoda Gosei under the Settlement Agreement provides just such a substantial benefit to the class.  *In re Packaged Ice Antitrust Litig.*, No. 08-MD–1952, 2011 WL 717519, at *10 (E.D. Mich. Feb. 22, 2011); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 584 F. Supp. 2d 697, 702 (M.D. Pa. 2008) ("the benefit of obtaining the cooperation of the Settling Defendants tends to offset the fact that they would be able to withstand a larger judgment.").

Settlements reached by experienced counsel that result from arm's-length negotiations are entitled to deference from the court. *Dick v. Sprint Commc'ns*, 297 F.R.D. 283, 296 (W.D. Ky. 2014) ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate....") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08–MD01998, 2010 WL 3341200, at *4 (W.D. Ky. Aug. 23, 2010)); *accord In re Southeastern Milk Antitrust Litig.*, 2:07-CV-208, 2013 WL 2155379, at *5 (E.D. Tenn. May17, 2013); *In re Auto. Refinishing Paint Antitrust Litig.*, 617 F.Supp.2d 336, 341 (E.D. Pa. 2007).

Because the proposed settlement was negotiated at arm's length by experienced counsel knowledgeable about the facts and the law and is within the range of possible approval, Plaintiffs respectfully submit that it merits preliminary approval.

## C.    Consideration of Final Approval Criteria Supports Preliminary Approval.

As noted above, the Court is not required at the preliminary approval stage to determine whether it will grant final approval of the proposed Toyoda Gosei settlement.  Nevertheless, initial consideration of the final approval factors supports preliminary approval of the settlement.

8

Fed. R. Civ. P. 23(e)(2) provides that a court may approve a settlement that would bind class members only after a hearing and on finding that the settlement is "fair, reasonable, and adequate." *Accord Packaged Ice*, 2011 WL 717519, at *8. Generally, in evaluating a proposed class settlement, the court does "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.,* 450 U.S. 79, 88 n. 14 (1981). There are two reasons for this. First, the object of settlement is to avoid the determination of contested issues, so the approval process should not be converted into an abbreviated trial on the merits. *Van Horn v. Trickey,* 840 F.2d 604, 607 (8th Cir. 1988). Second, "[b]eing a preferred means of dispute resolution, there is a strong presumption by courts in favor of settlement." *Telectronics,* 137 F. Supp. 2d at 1008-09 (citing *Manual (Third)* §30.42). This is particularly true in the case of class actions. *Berry,* 184 F.R.D. at 97.

Both the Sixth Circuit and courts in the Eastern District of Michigan "have recognized that the law favors the settlement of class action lawsuits." *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11 (quoting *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013). *Accord Sims v. Pfizer, Inc.*, No. 1:10-CV-10743, 2016 WL 772545, at *6 (E.D. Mich. Feb. 24, 2016). A court's inquiry on final approval is whether the proposed settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park,* 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Vukovich,* 720 F.2d at 921-23); *Olden v. Gardner*, 294 Fed. Appx. 210, 217 (6th Cir. 2008). This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 522 (E.D. Mich. 2003); *Sheick v.*

*Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14-15 (E.D. Mich. Oct. 18, 2010).

Courts in the Sixth Circuit have identified a number of related factors relevant in determining whether a settlement is fair, reasonable and adequate: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest.  *Packaged Ice*, 2011 WL 717519, at *8.  *Accord Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 10; *UAW  v. Gen. Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007); *Griffin*, 2013 WL 6511860, at *3; *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2015 WL 1639269, at *3 (N.D. Ohio Feb. 26, 2015), appeal dismissed (Dec. 4, 2015).   An initial review of the factors supports preliminary approval of the Toyoda Gosei settlement.

## 1.    The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Amount and Form of the Relief Offered in the Settlement Supports Approval.

When considering the fairness of a class action settlement, the court should assess it "with regard to a 'range of reasonableness,' which 'recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion.'"  *Sheick,* 2010 WL 4136958, *15 (quoting *IUE-CWA v. General Motors Corp.*, 238 F.R.D. 583, 594 (E.D. Mich. 2006)); *Ford*, 2006 WL 1984363, at *21; *Ford v. Fed.-Mogul Corp.*, No. 2:09-CV-14448, 2015 WL 110340, at *6 (E.D. Mich. Jan. 7, 2015).

Plaintiffs are optimistic about the likelihood of ultimate success in this matter, but success is not certain.  As this Court has observed, success is not guaranteed even in those instances where a settling defendant has pleaded guilty in a criminal proceeding brought by the

Department of Justice, which is not required to prove class-wide impact or damages, both of which require complex and expensive expert analyses, the outcome of which is uncertain. *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 11.

Toyoda Gosei is represented by highly experienced and competent counsel, and Plaintiffs believe it was prepared to defend this case through trial and appeal, if necessary. Litigation risk is inherent in any litigation, and this is particularly true with respect to class actions. So while they are optimistic about the outcome of this litigation, Plaintiffs must acknowledge the risk that Toyoda Gosei could prevail with respect to certain legal or factual issues, which could reduce or eliminate any potential recovery.

These risks must be weighed against the settlement consideration: $34,000,000 in cash together with cooperation by Toyoda Gosei, both of which are valuable to the Settlement Class members as they continue to litigate against the remaining Defendants. *See Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 12 ("cooperation strongly militates toward approval" of the settlements) (quoting *Linerboard*, 292 F. Supp. 2d 643).

Settlement Class Counsel believe that the settlement is an excellent result. Weighing the settlement's benefits against the risks of continued litigation tilts the scale toward approval. *See Griffin*, 2013 WL 6511860, at *4; *Packaged Ice*, 2011 WL 717519, at *9.

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

"Settlements should represent 'a compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *Cardizem,* 218 F.R.D. at 523 (*quoting Vukovich,* 720 F.2d at 922). "[T]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *Id.* at 523. This is particularly true for class

actions, which are "inherently complex." *Telectronics,* 137 F. Supp. at 1013 (settlement avoids the costs, delays, and multitude of other problems associated with complex class actions).

Plaintiffs are still litigating with the remaining Defendants, so it is not appropriate to discuss with any specificity Settlement Class Counsel's analysis of the risks of litigation because those Defendants could then use such disclosures against Plaintiffs going forward. Settlement Class Counsel believe it is sufficient to state that complex antitrust litigation of this scope has certain inherent risks that the settlement at least partially negates.

The proposed settlement eliminates the risks, expense and delay that would otherwise exist with respect to a recovery from Toyoda Gosei, ensures a substantial payment to the Settlement Class, and provides the Settlement Class with cooperation that will be used to pursue the claims against the remaining Defendants. This factor also supports preliminary approval of the proposed settlement.

### 3.     The Judgment of Experienced Counsel Supports Approval.

In deciding whether to approve a proposed settlement, "[t]he Court should also consider the judgment of counsel and the presence of good faith bargaining between the contending parties." *Delphi*, 248 F.R.D. at 498. Counsel's judgment "that settlement is in the best interests of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18); *Fed.-Mogul Corp.*, 2015 WL 110340, at *9. "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Inc.*, No. 07-15474, 2013 WL 3945981, at *9 (E.D. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F.2d at 922–23).

Settlement Class Counsel have extensive experience in handling class action antitrust and other complex litigation. They have represented the direct purchaser plaintiffs from the

12

inception of the *Automotive Parts Antitrust Litigation*, and negotiated this settlement at arm's length with well-respected and experienced counsel for Toyoda Gosei.  Settlement Class Counsel believe the proposed settlement is an excellent result.

### 4. The Amount of Discovery Completed and the Character of the Evidence Uncovered Are Sufficient.

Settlement Class Counsel have had access to relevant information about the Occupant Safety Systems conspiracy through the production and review of documents, Defendants' written discovery responses, proffers of information, and interviews.  Relevant information also was obtained from the related criminal litigation, and through Settlement Class Counsel's investigation.[7]  The information from these sources and their factual and legal analysis allowed Settlement Class Counsel to evaluate not only the strengths and weaknesses of the legal case, but also the potential value of the promised cooperation.  Based on this information, Settlement Class Counsel believe that the proposed settlement with Toyoda Gosei is fair, reasonable, and in the best interests of the Settlement Class, and their opinion supports both preliminary (and final) approval of the settlement.

### 5. The Reaction of Class Members

The Court cannot assess this factor at this time.  But even if there were to be objections, their "existence… does not mean that the settlement is unfair." *Telectronics,* 137 F. Supp. 2d at 1018.  A "scarcity of objections – relative to the number of class members overall – indicates broad support for the settlement among Class Members." *Sheick*, 2010 WL 4136958 at *22;

---

[7] Although the amount of discovery completed is a factor to be considered in the settlement approval process, there is no baseline amount of discovery required to satisfy this factor.  *Packaged Ice*, 2010 WL 3070161, at *5-6.  The "question is whether the parties had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y.2004)).  *Accord In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 6209188, at *13 (E.D. Mich. Dec. 13, 2011) (absence of formal discovery not an obstacle to settlement approval).

*accord In re Cardizem,* 218 F.R.D. at 527.  Settlement Class Counsel will file with the Court a report on objections or opt-outs, if any, after the applicable deadlines, and prior to the final fairness hearing.

### 6.   The Settlement Agreement is the Product of Arm's-Length Negotiations

There is a presumption that settlement negotiations were conducted in good faith and that the resulting agreement was reached without collusion.  *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford*, 2006 WL 1984363, at *26; *Sheick*, 2010 WL 4136958, at *19-20.  Settlement Class Counsel have extensive experience in handling class action antitrust cases and other complex litigation, and they negotiated at all times at arm's length with counsel for Toyoda Gosei.  Consideration of this factor fully supports preliminary approval of the settlement as well.

### 7.   The Settlement is Consistent with the Public Interest.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources."  *Cardizem*, 218 F.R.D. at 530 (quoting *Granada*, 962 F.2d at 1205).  *Accord Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12. Plaintiffs submit that there is no countervailing public interest that provides a reason to disapprove the proposed settlement.  *Griffin*, 2013 WL 6511860, at *5.  This factor also supports approval.

Consideration of the above factors supports preliminary approval of the proposed Toyoda Gosei settlement.  Settlement Class Counsel respectfully submit that the proposed settlement is in the best interests of the Settlement Class and should be preliminarily approved.

14

IV.     **PROVISIONAL CERTIFICATION OF THE PROPOSED DIRECT PURCHASER SETTLEMENT CLASS IS WARRANTED**

It is well established that a class may be certified for purposes of settlement.  *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 24.  At this juncture, Plaintiffs are only seeking provisional certification of the Toyoda Gosei Settlement Class in order to send notice to Settlement Class members.  Plaintiffs will later seek final approval of the Class for purposes of the settlement.  *See Ford*, 2006 WL 1984363, at *3, *18; *Cardizem,* 218 F.R.D. at 516-17.  As with preliminary approval of the settlement, Plaintiffs will address fully the factors for final certification for settlement purposes only of the proposed Class.  *See Thacker v. Chesapeake Appalachia, LLC*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).[8]

As demonstrated below, this action meets all of the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(3) for settlement purposes.

A.     **The Proposed Direct Purchaser Toyoda Gosei Settlement Class Satisfies Rule 23(a).**

Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and one of the subsections of Rule 23(b).  *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)).  Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

---

[8] Paragraph 10 of the proposed Preliminary Approval Order provides that provisional certification of the Settlement Class will be without prejudice to the rights of any defendants to contest certification of any other class proposed in these coordinated actions.  *See Packaged Ice*, 2011 WL 717519, at *7.

and (4) the representative parties will fairly and adequately protect the interests of the class. *Griffin*, 2013 WL 6511860, at *5); *Date,* 2013 WL 3945981, at *3.

### 1.      The Settlement Class is Sufficiently Numerous

Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable."  Fed. R. Civ. P. 23(a)(1).  There is no strict numerical test to satisfy the numerosity requirement; the most important factor is whether joinder of all the parties would be impracticable for any reason.  *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity).  *See also Davidson v. Henkel Corp.,* 302 F.R.D. 427, 441 (E.D. Mich. 2014) (noting it is generally accepted that class of 40 or members is sufficient to satisfy the numerosity requirement).  Moreover, numerosity is not determined solely by the size of the class, but also by the geographic location of class members.  *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (E.D. Pa. 2007).

Here, Settlement Class Counsel believe that there are hundreds of direct purchasers of Occupant Safety Systems, geographically dispersed throughout the United States.  Thus, joinder of all Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

### 2.      There are Common Questions of Law and Fact

Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class."  "We start from the premise that there need be only one common question to certify a class," *Whirlpool*, 722 F.3d at 853, and "the resolution of [that common issue] will advance the litigation."  *Sprague*, 133 F.3d at 397.  *Accord Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015); *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, No. 10-cv-10620, 2010 WL 5439737, at * 3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1080 (6th Cir. 1996)).

It has long been the case that "allegations concerning the existence, scope and efficacy of an alleged conspiracy present questions adequately common to class members to satisfy the commonality requirement." *In re Flat Glass Antitrust Litig.*, 191 F.R.D 472, 478 (W.D. Pa. 1999) (citing 4 *NEWBERG ON CLASS ACTIONS*, § 18.05-15 (3d ed. 1992)). Here, whether Defendants entered into an agreement to artificially fix prices of Occupant Safety Systems is a factual question common to all members of the Settlement Class because it is an essential element of proving an antitrust violation. *See, e.g., Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 25. Common legal questions include whether, if such an agreement was reached, Defendants violated the antitrust laws, and the impact on Class members. *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). "Indeed, consideration of the conspiracy issue would, of necessity focus on defendants' conduct, not the individual conduct of the putative class members." *Flat Glass*, 191 F.R.D. at 484. Because there are common legal and factual questions related to potential liability, the commonality requirement of Rule 23(a)(2) is met.

### 3. Plaintiffs' Claims are Typical of Those of the Toyoda Gosei Settlement Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at * 19); *Date*, 2013 WL 3945981, at *3.

17

"Typicality is met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'"  *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399.  Here, Plaintiffs' claims arise from the same course of conduct as the claims of the other members of the Toyoda Gosei Settlement Class: the Defendants' alleged violations of the antitrust laws. Plaintiffs and the Settlement Class are proceeding on the same legal claim and alleged violation of Section 1 of the Sherman Antitrust Act.  *See UAW*, 497 F. 3d at 625; *Barry*, 2015 WL 136238, at *13.  Accordingly, the Rule 23(a)(3) typicality requirement is satisfied.

### 4. Plaintiffs Will Fairly and Adequately Protect the Interests of the Toyoda Gosei Settlement Class

Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class.  "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel."  *Sheick v. Automotive Component Carrier LLC,* No. 09–14429, 2010 WL 3070130, at *3 (E.D. Mich. Aug. 02, 2010) (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)).

These requirements are met here.  The interests of the proposed representatives of the Toyoda Gosei Settlement Class - Beam's Industries, Inc., Findlay Industries, Inc., and NM Holdings Company, LLC - are the same as those of other Settlement Class members.  Plaintiffs are direct purchasers of Occupant Safety Systems from a Defendant in the United States. Plaintiffs and the other Settlement Class members claim that they were injured as a result of the alleged conspiracy, and seek to prove that Defendants violated the antitrust laws.  Plaintiffs' interests are thus aligned with those of the Settlement Class.

18

Moreover, Plaintiffs have retained qualified and experienced counsel to pursue this action.[9]  Settlement Class Counsel vigorously represented Plaintiffs and the Settlement Class in the settlement negotiations with Toyoda Gosei and have vigorously prosecuted this action. Adequate representation under Rule 23(a)(4) is therefore satisfied.

## B.      Plaintiffs' Claims Satisfy the Prerequisites of Rule 23(b)(3) for Settlement Purposes

In addition to satisfying Rule 23(a), Plaintiffs must show that the proposed class action falls under at least one of the three subsections of Rule 23(b).  Here, the Toyoda Gosei Settlement Class qualifies under Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and… a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

### 1.      Common Legal and Factual Questions Predominate

The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive" to warrant certification.  *Amchem*, 521 U.S. at 623.  The predominance requirement is met where "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof."  *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).

---

[9] Rule 23(g) requires the court to examine the capabilities and resources of class counsel to determine whether they will provide adequate representation to the class.  The Court previously appointed Freed Kanner London & Millen LLC, Kohn, Swift & Graf, P.C., Preti, Flaherty, Beliveau & Pachios LLP, and Spector Roseman & Kodroff, P.C. as Interim Co-Lead Counsel in this case and all other *Automotive Parts Antitrust Litigation* cases.  They submit that, for the same reasons that the Court appointed them to that position, their appointment as Settlement Class Counsel is appropriate.

Courts have repeatedly recognized that horizontal price-fixing cases are particularly well-suited for class certification because proof of the conspiracy is a common, predominating question.  *See, e.g., Scrap Metal*, 527 F.3d at 535; *Automotive Parts*, 2:12-cv-00103, Doc. No. 497, at 27;  *Packaged Ice*, 2011 WL 717519, at 6; *In re Southeastern Milk Antitrust Litig.*, No. 2:07-CV-208, 2010 WL 3521747, at *5, 9-11 (E.D. Tenn. Sept. 7, 2010).   Affirming class certification in *Scrap Metal,* the Sixth Circuit observed that the "district court found that the '*allegations* of price-fixing and market allocation…will not vary among class members'…. Accordingly, the court found that the 'fact of damages' was a question common to the class even if the amount of damages sustained by each individual class member varied."  527 F.3d at 535 (emphasis in original).

In this case the same core set of operative facts and theory of liability apply across the Toyoda Gosei Settlement Class.  As discussed above, whether Defendants entered into an illegal agreement to artificially fix prices of Occupant Safety Systems is a question common to all Settlement Class members because it is an essential element of proving an antitrust violation. Common questions also include whether, if such an agreement was reached, Defendants violated the antitrust laws, and whether Defendants' acts caused anticompetitive effects.  *See, e.g.*, *Packaged Ice*, 2011 WL 717519, at *6.  If Plaintiffs and the other members of the Settlement Class were to bring their own individual actions, they would each be required to prove the same wrongdoing by Defendants in order to establish liability.   Therefore, common proof of Defendants' violations of antitrust law will predominate.

### 2.   A Class Action is Superior to Other Methods of Adjudication

Rule 23(b)(3) lists factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the

extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action. Fed. R. Civ. P. 23(b)(3).

All Occupant Safety Systems litigation has been centralized in this Court.  If a Toyoda Gosei Settlement Class member wants to control its own litigation, it can request exclusion from the Toyoda Gosei Settlement Class.[10]  Thus, consideration of factors (1) - (3) demonstrates the superiority of a class action.

With respect to factor (4), in *Amchem,* 521 U.S. at 620, the Court explained that when a court is asked to certify a settlement-only class it need not consider the difficulties in managing a trial of the case because the idea is that the settlement will end the litigation without a trial.  *See Cardizem,* 218 F.R.D. at 517.

In addition, even though the Settlement Class is not composed of small retail purchasers, "[g]iven the complexities of antitrust litigation, it is not obvious that all members of the class could economically bring suits on their own."  *In re Cardizem CD Antitrust Litig*, 200 F.R.D. 297, 325 (E.D. Mich. 2007) (quoting *Paper Systems Inc. v. Mitsubishi Corp.*, 193 F.R.D. 601, 605 (E.D. Wisc. 2000)).  Moreover, by proceeding as a class action, both judicial and private resources will be more efficiently utilized to resolve the predominating common issues, which will bring about a single outcome that is binding on all members of the Settlement Class.  *E.g., Cardizem*, 200 F.R.D. at 351 ("The economies of time, effort and expense will be achieved by certifying a class in this action because the same illegal anticompetitive conduct by Defendants gives rise to each class member's economic injury.").  The alternatives to a class action are a

---

[10] Any potential Settlement Class Member who requests exclusion from the Settlement Class shall not be precluded, restricted, barred or limited in any way from participating in any future settlements relating to other Defendants in the Action.

21

multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive. *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996). Thus, class litigation is superior to the alternatives in this case.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant preliminary approval of the settlement, and provisionally certify the Toyoda Gosei Settlement Class.

 DATED: January 9, 2018                        Respectfully submitted,


                                    /s/David H. Fink
                                   David H. Fink (P28235)
                                   Darryl Bressack (P67820)
                                   Nathan J. Fink (P75185)
                                   FINK + ASSOCIATES LAW
                                   38500 Woodward Ave; Suite 350
                                   Bloomfield Hills, MI 48304
                                   Telephone: (248) 971-2500

                                   ***Interim Liaison Counsel for the Direct Purchaser Plaintiffs***

Steven A. Kanner
William H. London
Michael E. Moskovitz
FREED KANNER LONDON
  & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL  60015
Telephone: (224) 632-4500

Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
Telephone: (215) 238-1700

Gregory P. Hansel
Randall B. Weill
Michael S. Smith
PRETI, FLAHERTY, BELIVEAU
  & PACHIOS LLP
One City Center, P.O. Box 9546
Portland, ME  04112-9546
Telephone: (207) 791-3000

Eugene A. Spector
William G. Caldes
Jonathan M. Jagher
Jeffrey L. Spector
SPECTOR ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone: (215) 496-0300

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on January 9, 2018, I electronically filed the foregoing paper with the

Clerk of the court using the ECF system which will send notification of such filing to all counsel

of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: /s/Nathan J. Fink
David H. Fink (P28235)
Darryl Bressack (P67820)
Nathan J. Fink (P75185)
38500 Woodward Ave; Suite 350
Bloomfield Hills, MI  48304
Telephone: (248) 971-2500
nfink@finkandassociateslaw.com

24