**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **IN RE AUTOMOTIVE PARTS ANTITRUST LITIGATION** | **Master File No. 12-md-02311 Honorable Sean F. Cox** |
| **IN RE: OCCUPANT SAFETY SYSTEMS** | |
| **THIS DOCUMENT RELATES TO: ALL DIRECT PURCHASER CASES** | **2:12-cv-00601-SFC-RSW 2:16-cv-10002-SFC-RSW** |

## ORDER AND FINAL JUDGMENT

Direct Purchaser Plaintiffs Beam's Industries, Inc. and Findlay Industries, Inc. (together, the "Direct Purchaser Plaintiffs"), on behalf of themselves and the TK Holdings Settlement Class members, and Joseph J. Farnan, Jr., solely as Trustee of the Reorganized TK Holdings Trust ("Settling Defendant"), entered into a Settlement Agreement to fully and finally resolve the TK Holdings Settlement Class's claims against the Settling Defendant and the other Releasees. By Order dated February 8, 2021, the Court preliminarily approved the proposed settlement, and provisionally certified the TK Holdings Settlement Class (the "Preliminary Approval Order"). (2:12-cv-00601, ECF No. 182). By Order dated May 24, 2022, the Court authorized the Plaintiffs to disseminate notice of the proposed TK Holdings settlement, the fairness hearing, and related matters to the TK Holdings Settlement Class (the "Notice Order"). (2:12-cv-00601, ECF No. 185). Notice was provided to the TK Holdings Settlement Class pursuant to the Notice Order and the Court held a fairness hearing on September 15, 2022.

Having considered the Direct Purchaser Plaintiffs' Motion for Final Approval of Proposed Settlement with Trustee of the Reorganized TK Holdings Trust and Proposed Plan for Distribution

19399764.2

of Settlement Funds, oral argument presented at the fairness hearing, and the complete record in this matter,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      This Court has jurisdiction over the subject matter of this litigation.

2.      Terms capitalized in this Order and Final Judgment and not otherwise defined herein have the same meanings as those used in the TK Holdings Settlement Agreement.

3.      The Notice Order outlined the form and manner by which the Direct Purchaser Plaintiffs would (and subsequently did) provide the TK Holdings Settlement Class with notice of the Settlement, the fairness hearing, and related matters. The notice program included individual notice via first class mail to members of the TK Holdings Settlement Class who could be identified through reasonable efforts, as well as the publication of a summary notice in *Automotive News.* Additionally, an Informational Press Release targeting automotive industry trade publications was issued nationwide via PR Newswire's "Auto Wire." Finally, a copy of the Notice was (and remains) posted on-line at www.AutoPartsAntitrustLitigation.com. Proof that mailing, publication and posting conformed with the Notice Order has been filed with the Court. This notice program fully complied with Fed. R. Civ. P. 23, and the requirements of due process. It provided due and adequate notice to the TK Holdings Settlement Class.

4.      The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations, which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.      The TK Holdings Settlement was entered into by the parties in good faith.

6.      Final approval of the TK Holdings Settlement is hereby granted pursuant to Fed. R. Civ. P. 23(e), because it is "fair, reasonable, and adequate" to the TK Holdings Settlement Class.

In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the TK Holdings Settlement Class's reaction to the Settlement, and the result achieved.

7.     The TK Holdings Settlement Class provisionally certified by the Court in the Preliminary Approval Order is hereby certified as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and is composed of: "All direct purchasers of Occupant Safety Systems in the United States from one or more of the Defendants or their co-conspirators (or their controlled subsidiaries, affiliates or joint ventures) from January 1, 2003 through June 25, 2017." The Court adopts and incorporates herein all findings made under Rule 23 in its Preliminary Approval Order.

8.     The Court's certification of the TK Holdings Settlement Class as provided herein is without prejudice to or waiver of the rights of any Defendant to contest certification of any other class proposed in these coordinated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in these actions or on the Court's rulings concerning any Defendant's motion, and no party may cite or refer to the Court's approval of the TK Holdings Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

9.     The entities identified on Exhibit "A" hereto have timely and validly requested exclusion from the TK Holdings Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment. Such entities are not entitled to any recovery from the settlement proceeds obtained through this Settlement.

10.     The Action and all Released Claims are hereby dismissed with prejudice with respect to the Releasees and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any of

19399764.2

the Releasees. This dismissal applies only in favor of the Settling Defendant and the other Releasees.

11.     The Escrow Account, plus accrued interest thereon, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

12.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13.     This Order and Final Judgment does not settle or compromise any claims by the Direct Purchaser Plaintiffs or the TK Holdings Settlement Class against any other Defendant or other person or entity other than the Settling Defendant and the other Releasees, and all rights against any other Defendant or other person or entity are specifically reserved.

14.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees or reimbursement of expenses made by Direct Purchaser Plaintiffs' Counsel; and (d) the distribution of the settlement proceeds to TK Holdings Settlement Class members, including any service awards for the Class Representatives.

15.     Pursuant to Fed. R. Civ. P. 54, the Court finds that there is no just reason for delay and hereby directs the entry of judgment as to the Settling Defendant.

**IT IS SO ORDERED.**

Dated: September 21, 2022                           s/Sean F. Cox                        
                                                    Sean F. Cox
                                                    U. S. District Judge

4

19399764.2

# EXHIBIT A

AUTOMOTIVE PARTS ANTITRUST LITIGATION, CASE NO. 2:12-MD-02311,
OCCUPANT SAFETY SYSTEMS, 2:12-cv-00601-SFC-RSW; 2:16-cv-10002-SFC-RSW

REQUESTS FOR EXCLUSION FROM DIRECT
PURCHASER TK HOLDINGS SETTLEMENT CLASS

| | |
|---|---|
| **TOYOTA**<br>Toyota Motor Engineering &<br>   Manufacturing North America, Inc.<br><br>**NISSAN**<br>Nissan Motor Co., Ltd. and Nissan North<br>   America, Inc., along with their subsidiaries and<br>   majority-owned affiliates<br><br>**FORD**<br>Ford Motor Company on behalf of itself and all of<br>   its wholly owned divisions, subsidiaries, and<br>   affiliates | |

5

19399764.2